CLARENCE A. GOLDSMITH, RESPONDENT, v. LEOPOLD MEYER ET AL., APPELLANTS.

Submitted December 4, 1919—Decided February 17, 1920.

1. A covenant against encumbrances in a deed of land speaks as of the time of delivery of the deed.
2. When a deed is made and accepted in pursuance of an executory contract, the law presumes that it fully expresses the final intentions of the parties as to so much of the contract as it purports to execute.

---

On appeal from the District Court.

Before Justices SWAYZE and PARKER.

For the appellants, *Osborne & Cornish.*

For the respondent, *Smith & Slingerland.*

The opinion of the court was delivered by

PARKER, J. This is an action on a covenant against encumbrances, and arises out of the fact that without the knowledge of either of the parties, an assessment against the premises was confirmed after the contract of sale and before the delivery of the deed.

The contract, which is in the usual form, provides that defendants shall "well and sufficiently convey to the said party of the second part, his heirs or assigns, by deed of warranty free from all encumbrance." The time fixed for passing title was December 15th next ensuing; the contract was dated November 28th.

Several delays occurred. The property was meadow land and required a survey. The season was unpropitious, and when the surveyor was ready to report, he had found defendants were without title to a triangular piece for which an allowance of $150 was made; so that when the deed was actually delivered and accepted, it was February 19th or 20th, though the deed was dated and acknowledged December 18th. Jacob Meyer, one of the defendants, as part of the transaction, made an affidavit February 20th, stating that taxes of the preceding year (1917) were paid, "and that so far as deponent knows there are no claims against said premises or any portion thereof either respecting the possession or title thereto." The deed itself contains the usual covenant that "the said land and premises  *  *  *  at the time of the sealing and delivery of these presents, are not encumbered by any  *  *  *  encumbrance whatsoever, by which the title  *  *  *  can or may be  *  *  *  charged, altered or defeated in any way whatsoever."

The rules are of course elementary that a covenant speaks as of the delivery, and that if there be an encumbrance existing at that time, a covenant against encumbrances is broken as soon as made. The trial judge applied these rules and gave judgment for the grantee on the covenant. We are now asked to reverse this on several grounds. First, that the covenant speaks as of the date when it was intended to speak, and that that date was December 15th, fixed in the contract for closing title. We cannot read any such intent in the papers; on the contrary, we read a plain intent, in the contract, the deed, and even the affidavit, to convey an unencumbered title, and are unwilling to impair the force of a solemn covenant expressed in classic phraseology, by holding that it

means anything except what it says. Under such conditions the "doctrine of relation" so called, seems inapplicable. This is the second ground urged. Next, that plaintiff defaulted in taking his title, and hence is estopped. In fact, there was no default at all, but an extension of time by consent; and there is no estoppel when both parties are ignorant of the facts. Next, that as plaintiff had the right of possession at the time the assessment was confirmed, he should pay the assessment. The authority offered for this is a case holding that a purchaser in possession should pay current taxes, which is plainly not in point. The contract provides that vendee may go into possession on December 15th, the same day when title was to be closed, and reading the two clauses together it is quite safe to infer that he was to have possession and title together, and neither before the other. Moreover, he is not claimed to have had possession at all until he received his deed. Finally, defendants invoke the equitable doctrine that vendee takes increments of value arising after the contract, and bears depreciation not caused by vendor's neglect or default. Matters of this kind may be appropriate for discussion when the parties get together to close title, but such discussion is eliminated by the delivery and acceptance of a warranty deed with covenant against encumbrances.

All the points urged exhibit an attempt to whittle away the force and effect of a solemn covenant under seal, made voluntarily and without fraud. This, we think, can certainly not be done in a court of law. The trial judge properly held the defendants to their own deed as merging and superseding all that had gone before. *Davis* v. *Clark*, 47 *N. J. L.* 338.

The judgment will be affirmed, with costs.